[Civ. No. 24851. Fourth Dist., Div. One. Mar. 19, 1982.]

JOHN W. HANSON, Plaintiff and Appellant, v.
GARDEN GROVE UNIFIED SCHOOL DISTRICT, Defendant and
Respondent.

## COUNSEL

Reich, Adell & Crost and Paul Crost for Plaintiff and Appellant.

Kinkle, Rodiger & Spriggs and Larry T. Pleiss for Defendant and Respondent.

## OPINION

**WORK, J.**—A central question in this appeal is whether a school employee, terminated because his position expires, is required to file a claim under the Government Tort Claims Act (Gov. Code, § 800 et seq.)[1] when he seeks damages for the school's tortious refusal to rehire him to a later-created, similar position. We contrast the exemptions to the required filing of claims set forth in section 905, subdivisions (c) and (f) for employee claims for "wages" and "benefits," with claims for tort damages measured by the amount equivalent to "wages lost for failure to reemploy." For the reasons expressed, we find the latter are not included within the former.

### Factual Background

John W. Hanson was employed by Garden Grove Unified School District (District) as "business manager/operations" from November 1971 until June 1973, at which time he was laid off because the position was being eliminated due to budget reductions. In June 1974, when District advertised to fill the position of "business manager," Hanson promptly wrote District stating he believed the position now open was "similar" to the one he previously held and asked District to advise him about the possibility of his being reemployed as business manager under

---

[1]All statutory references are to the Government Code unless otherwise specified.

the provisions of Education Code section 13737.[2] District promptly advised Hanson the newly classified position encompassed duties beyond the nonfiscal operational functions to which the position Hanson previously held was limited, being instead one responsible for all areas of office business services. This letter, dated June 14, 1974, directly advised Hanson he was not entitled to priority in reemployment but invited him to compete in the open examination for the new position. Hanson took no action to perfect his supposed rights under Education Code section 13737 nor did he compete for the examination. On August 12, 1974, the newly created position was filled by another.

More than two years later, Hanson applied to District's personnel commission for reinstatement and his request was denied September 17, 1976. More than 100 days later, on January 7, 1977, he filed a Government Code claim citing District's failure to reemploy him under Education Code section 13737 and citing "damages" including "salary and other monetary benefits he could have earned had he been reemployed when requested; the exact amount of those damages is not certain, however, at this time, the monetary damages appear to exceed $75,000." Since the damage amount, in excess of $75,000, cannot be attributed reasonably to an amount he would have earned between September 1, 1976 (his latest request for reinstatement) and January 1, 1977, it can only be rationalized as a computation from his June 1974 request to the date of the claim.

District rejected this claim and filed 17 affirmative defenses to Hanson's ensuing lawsuit asking for monetary damages (but not reinstatement) itemized as an amount equal to loss of wages and benefits (again in excess of $75,000) and $500,000 "general damages" for injury to reputation, etc. By stipulation, the court separately tried three of the affirmative defenses on agreed facts and rendered judgment for District on one: Hanson's failure to file a claim with District within the limitations period set forth in Government Code section 911.2.[3]

Therefore, it appears factually Hanson knew the new business manager position was open and to be filled; he inquired and decided not to

---

[2]This section, now section 45298, of the Education Code, gives persons laid off because of lack of funds reemployment rights in preference to new applicants for a continuous period of 39 months following the layoff.

[3]Section 911.2 requires the claim be filed within one year of the accrual of any cause of action, except for certain matters for which a 100-day limitation is imposed. For the purpose of this opinion only, we assume the 100-day limitation is not applicable.

compete for the job; and he knew, or should have known, the job was filled, no later than August 1974. Further, the portion of damages requested for loss of wages and benefits in the January 1977 claim must be predicated upon the refusal to rehire occurring no later than August 1974, and not, as Hanson now contends, first occurring in response to his September 1, 1976, demand for reinstatement made through his attorney.

## Issues on Appeal

Hanson claims the court erred because there is no requirement for filing a governmental tort claim since at least part of his damage action seeks to recover lost salary and pensions, therefore, falling within the exceptions to filings involving claims by public employees for salaries, wages and expenses (§ 905, subd. (c)) and claims for benefits under retirement or pension systems (§ 905, subd. (f)). This being so, he claims he is entitled to the three-year statute of limitations under Code of Civil Procedure section 338, subdivision 1 because his cause of action arises out of a statute. In any event, he contends he is within the one-year time limitation of section 911.2 because the cause of action did not accrue until after District refused to rehire him on demand of September 1, 1976. Alternatively, he urges, District should be estopped because it misled him in its letter of June 14, 1974, when it claimed the new position was different from the one he previously held.

## ■ Hanson's Action Does Not Fall Within the Exceptions of Section 905, Subdivisions (c) and (f)

The single cause of action is for District's refusal to reemploy Hanson to his former position contrary to Education Code section 13737. He did not sue to recover wages, salaries or benefits under any contract of employment or for services rendered. He asked only for general damages, a portion of which he characterizes as equivalent to an amount he would have earned had he been reemployed upon his request of June 1974, a clear request for damages proximately flowing from District's alleged tortious conduct.

The limited exemptions in section 905 are an exception to the statutory scheme requiring the filing of claims in all other areas of litigation against a governmental entity. These statutory loopholes have been narrowly construed. (See discussion in Van Alstyne, Cal. Government Tort

Liability Practice (Cont.Ed.Bar 1980) § 520, pp. 454-455.) In spite of Hanson's assertion his claim should be construed as if it were for breach of contract to recover wages and benefits unlawfully withheld, the plain fact is he is suing in tort to recover damages for being denied reemployment. The issues are not limited to whether District, having already received the benefits of an employee's service, is now dealing fairly with him in withholding compensation earned. Rather, the issues here are whether Hanson, *not having performed any services*, is entitled to be compensated (he is not asking for reinstatement) because of District's alleged tortious conduct.

We have found no case directly on point construing the scope of section 905, subdivision (c) or (f). However, in *Longshore v. County of Ventura* (1979) 25 Cal.3d 14 [157 Cal.Rptr. 706, 598 P.2d 866], it was held a lawsuit asking recognition of a "right to compensation for services [previously] performed" did fall within section 905, subdivision (c).[4]

Somewhat analogous is the holding of *Miner v. Superior Court* (1973) 30 Cal.App.3d 597 [106 Cal.Rptr. 416]. There, a public employee was entitled to workers' compensation benefit after sustaining an industrial injury. He also sued a third party tortfeasor, a coemployee, for the same injury under a Labor Code exception to the general rule making compensation the exclusive remedy for industrial injuries. No governmental tort claim was filed and it was contended none was required because it fell within an exemption in section 905, subdivision (d), for "[c]laims for which workmen's compensation . . . is the exclusive remedy." The court strictly construed the language of section 905, subdivision (d) to refer only to "claims" and not to suits for damages, even though the same underlying incident gave rise to both the claim and the lawsuit, and the recovery sought in each was to recompense the same injury.

Further, the exemption in section 905, subdivision (b) for claims arising under mechanic's or materialmen's lien laws did not excuse a subcontractor from filing a claim before suing for damages for the tortious failure of public officers to require a contractor to furnish a labor and material bond required by statute. (*C. A. Magistretti Co. v. Merced Irrigation Dist.* (1972) 27 Cal.App.3d 270 [103 Cal.Rptr. 555].) So also in *Baillargeon v. Department of Water & Power* (1977)

---

[4]Although District argues *Longshore* should be read to exclude Hanson's claim, the court there did not further construe that section.

69 Cal.App.3d 670 [138 Cal.Rptr. 338], a public employee claimed supplemental disability benefits from her public employer in an amount greater than that authorized by the entity's disability fund, which were erroneously set forth in the literature promoting the fund. The court found the suit was not for benefits "payable pursuant to *under* a public pension system," but actually to recover benefits impliedly represented to be in the fund, payment for which she claimed entitlement because of the employer's estoppel.

As noted in Van Alstyne, *supra*, the 12 classes of claims exempted in section 905 generally relate to other than tort actions. The categories of claims are generally those for which the governmental entity requires no advance notice. This is self-evident when you construe section 905, subdivisions (c) and (f) as being limited to employees who are claiming salaries, wages and benefits earned during their employment by the entity. Here Hanson has categorized his claim and his lawsuit as one in which he seeks to recover tort damages. We hold it does not fall within any exemption set forth in section 905.

### Hanson's Claim Was Not Timely Filed

Hanson's complaint alleged he was refused reemployment by letter dated June 14, 1974. His prayer and the demand in his January 1977 governmental claim cite damages for loss of salary and benefits already in excess of $75,000. Although Hanson now claims District's September 17, 1976, rejection of his second demand for reinstatement is the time his cause of action accrues, less than four months had transpired at the time of his claim and there is no possible explanation for the amount of damages claimed except Hanson himself believed his cause of action arose in 1974. There is substantial evidence to support the court's finding Hanson's knowledge his 1974 request for reemployment was rejected triggered the statute of limitations. That period expired no later than August 1975, at which time the new business manager position was filled. His action is not timely under section 911.2.

### Estoppel

■ This issue has been raised for the first time on appeal. Estoppel must be pleaded and proved as an affirmative bar to a defense of statute of limitations. (*Bank of America* v. *Williams* (1948) 89 Cal.App.2d 21, 25 [200 P.2d 151]; *Romero* v. *County of Santa Clara* (1970) 3

Cal.App.3d 700, 703 [83 Cal.Rptr. 758].) The pleadings here only allege Hanson believed he was entitled to reinstatement to the new position when he made this inquiry of June 1974, at which time he requested reemployment and he was refused. The complaint contains no allegations of fraudulent concealment or misrepresentation. He did not raise this issue at trial, nor include any argument concerning it in his trial brief. He may not rely upon it now.

Judgment affirmed.

Brown (Gerald), P. J., and Cologne, J., concurred