Opinion
ROBERSON, P. J.
— This action arose as the result of defendant’s denial of plaintiffs claim for life insurance benefits upon the death of his wife, who was employed by defendant. Plaintiff sent a series of letters to defendant, claiming life insurance benefits. Defendant responded on January 30, 1986, that plaintiffs wife had not been eligible for life insurance benefits. There is no evidence that plaintiff did anything further until he filed a complaint on January 16, 1987, alleging breach of contract and promissory estoppel against defendant.
Thereafter, defendant filed a motion for summary judgment, which is the basis of this appeal. The motion for summary judgment contended that plaintiff failed to file a claim with the school district for breach of contract as required by the Tort Claims Act (hereinafter, the Act; see Gov. Code, § 900 et seq.).[1] Plaintiff contended that the correspondence to the school district satisfied the notification requirements of the Government Code. *Supp. 14 After taking the motion under submission, the trial court granted the motion for summary judgment, and entered judgment in favor of defendant. Plaintiff timely filed a notice of appeal.
Plaintiff contends that the letters he sent inquiring as to possible life insurance benefits satisfied the claims requirements of the Act. Defendant, in response, contends that plaintiff’s claim for life insurance benefits is not the same as a claim for breach of contract. We determine that no claim under the Act was required in this case in order to maintain this action by plaintiff against defendant.
This case falls within the exception provided by section 905, subdivision (f), which states, “Applications or claims for money or benefits under any public retirement or pension system” are not subject to the claim filing requirements of the Government Code. Defendant concedes in its appellate brief that plaintiff was not required to file a claim under the Act to request life insurance benefits. Defendant attempts to draw a distinction between filing a request for life insurance benefits and filing a breach of contract claim after those benefits are denied. We are unpersuaded.
Plaintiff submitted all forms and correspondence requested by defendant in regard to the benefits exactly as defendant instructed. Section 905, subdivision (f) exempts from the Act claims for benefits such as those requested by plaintiff. The denial of this request does not magically change the claim for benefits into a claim for breach of contract which would require the filing of a formal claim under the Act. The action is still based on plaintiffs claim for life insurance benefits. Thus, no claim was required to be filed prior to the initiation of the instant suit.
Cases cited by defendant in support of its position are unavailing, and in fact cut against defendant’s argument. In each case cited by defendant (Baillargeon v. Department of Water & Power (1977) 69 Cal.App.3d 670 [138 Cal.Rptr. 338]; Hanson v. Garden Grove Unified School Dist. (1982) 129 Cal.App.3d 942 [181 Cal.Rptr. 378]; Loehr v. Ventura County Community College Dist. (1983) 147 Cal.App.3d 1071 [195 Cal.Rptr. 576]), the filing of a claim prior to initiating a lawsuit was required because the claim was not made under a public retirement or pension system, or was not a claim based on benefits accrued during employment. In the present case, plaintiffs claim is based on the allegation that during his wife’s employment by defendant, defendant withdrew amounts from her paycheck to be used to provide life insurance benefits. In addition, the facts in those cases indicated that the plaintiff’s case was not a “routine” request clearly falling under an exemption of the filing requirements of the Act. In the present case, plaintiff’s claim cannot be described as anything other than routine. Plaintiff *Supp. 15 simply requested benefits he felt were available to him based on the fact his wife worked for the school district and had amounts withheld from her salary for the purpose of obtaining life insurance benefits.
Because no claim was required to be filed prior to the filing of the instant case in municipal court, the trial court erred in granting defendant’s motion for summary judgment.
The judgment is reversed. Appellant to recover costs on appeal.
Soven, J., and Watai, J., concurred.

All further statutory references will be to the Government Code unless otherwise indicated.