[No. F021620. Fifth Dist. Mar. 21, 1995.]

RHONDA MUNOZ, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA, Defendant and Respondent.

**COUNSEL**

Neil C. Newson for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Robert H. Francis and Daniel L. Helfat, Deputy Attorneys General, for Defendant and Respondent.

**OPINION**

**MARTIN, Acting P. J.**—Plaintiff appeals from an order denying her permission to file a late tort claim against a governmental entity (Gov. Code, § 946.6).[1]

### STATEMENT OF THE CASE

On December 8, 1993, plaintiff's counsel prepared a claim for damages to be presented to the State Board of Control (Gov. Code, § 911.2). The claim alleged medical personnel of the California Correctional Institution failed to treat plaintiff's father for cancer in his right lung, that failure led to the death of plaintiff's father on December 14, 1992, and plaintiff incurred damages in the sum of $1 million for the wrongful death of her father.

On the same date, plaintiff's counsel executed an application for permission to present a late claim (Gov. Code, § 911.2). Counsel alleged the claim was not filed on a timely basis because the California Correctional Institution in Tehachapi failed to release medical information relating to plaintiff's father, despite counsel's diligent pursuit of the necessary medical records.

On December 22, 1993, plaintiff's claim and application were presented to the State Board of Control. On January 26, 1994, the board issued a

---

[1]An order denying a petition for relief from the claims filing requirements of the California Tort Claims Act (Gov. Code, § 810 et seq.) is an appealable order because it effectively determines a petitioner's right to relief from the claim presentation requirements. (*Santee* v. *Santa Clara County Office of Education* (1990) 220 Cal.App.3d 702, 710 [269 Cal.Rptr. 605].)

determination letter stating: "[T]he Board has no jurisdiction to accept the claim for consideration [because] [y]our application for leave to present a late claim was filed more than one year from the date of the incident that is the basis of the claim."

On March 1, 1994, plaintiff filed a petition in Kern County Superior Court for order permitting the filing of a late claim against a governmental entity. (Gov. Code, § 946.6.)

In late March 1994, respondent State of California filed written objections and opposition to the petition. Respondent also requested the superior court to take judicial notice of plaintiff's State Board of Control claim file (Evid. Code, §§ 452, subd. (d), 453).[2]

On March 31, 1994, the court conducted a contested hearing on the petition, heard the arguments of counsel, and took the matter under submission. Thereafter, on April 7, 1994, the court filed a statement of decision which denied plaintiff relief. The statement of decision provided in relevant part:

"The Petition fails to meet the requirements of Government Code sections 946.6(b)(1), (2) and (c)(1), 911.4, and 915(c).

"Delay of Plaintiff and/or her counsel in both filing a claim within the six month period and petitioning to file a late claim is neither reasonable nor excusable.

"The Petition does not demonstrate mistake, surprise, inadvertence or excusable neglect justifying a granting of the Petition.

"Essentially the argument of Plaintiff is that until Plaintiff could acquire the medical records for Plaintiff's deceased father, Plaintiff could not be certain that they were filing a claim in good faith, and pursuit of the medical records, Plaintiff argues, was diligent.

"The law recognizes that the specificity required for the service of a notice in a medical malpractice case, pursuant to Code of Civil Procedure section

---

[2]On appeal, respondent requests this court to take judicial notice of plaintiff's Board of Control file. Judicial notice may not be taken of any matter unless authorized or required by law. (Evid. Code, § 450.) Judicial notice may be taken of the official acts of the legislative, executive, and judicial departments of any state of the United States. (Evid. Code, § 452, subd. (c).) A reviewing court may take judicial notice of any matter specified in Evidence Code section 452. (Evid. Code, § 459.) In the instant case, respondent apparently contends the proffered documents will clarify the instant sequence of events. We may properly take judicial notice of these documents. However, we remind respondent we do not take judicial notice that everything contained in these documents is true. (See *Shaeffer* v. *State of California* (1970) 3 Cal.App.3d 348, 354 [83 Cal.Rptr. 347].)

364, does not apply to the more general requirements of a claim filing pursuant to Government Code section 911.2 [*Anson* v. *County of Merced* (1988) 202 Cal.App.3d 1195, 1203 (249 Cal.Rptr. 457)].

"Counsel was retained by Plaintiff in January of 1993, one month after the death of her alleged father, and almost five months before the running of the initial six month claims period and eleven months before the running of the one year period within which to seek leave to file a late claim.

"The best that Plaintiff can show is that a few 'boiler plate' letters are sent (one even referring to a pending insurance company settlement for which there is no basis in fact) requesting medical records, some with authorizations signed by a 'Rhonda Munoz' to obtain records 'for her father Curtis Kates.' None of the authorizations were self-authenticating by content or attachment with regard to the relationship between Rhonda Munoz and Curtis Kates. Other than occasional items of correspondence, no other effort is made to obtain records either from the Tehachapi facility, the Department of Corrections or the Kern Medical Center. There is no evidence of any physical effort to call upon any facility or office involved with the State of California, the Department of Corrections, the facility of Tehachapi, nor Kern Medical Center.

"The Petitioner's attorney does not show due diligence in attempting to comply with the claims statute or the requirements for obtaining leave to file late claim.

"The California Correctional Institution at Tehachapi is not a public entity. It is a facility of the State of California Department of Corrections. There is no authority for the position that service on a state facility is substantial compliance with the requirement to serve the state through the State Board of Control. There is no legitimate reason advanced, after [10 to 11] months of legal representation of Plaintiff, to justify an application for leave to file a late claim, in addition to which the application is not received by the State Board of Control until well after the running of the one[-]year period.

"Plaintiff's arguments might be relevant in seeking relief from the requirements of the Code of Civil Procedure section 364 in a lawsuit, but do not excuse failure to timely file a claim or to timely and properly file an application to file a late claim to perfect the right to file a lawsuit against the public entity."

Plaintiff filed a timely notice of appeal.

FACTS

Plaintiff's decedent, Curtis Kates, was a prisoner at the California Correctional Institution in Tehachapi, California, in 1992. Decedent received medical treatment and care from the physicians, medical staff, and other medical personnel at the correctional institution. However, the medical team allegedly failed to diagnose and/or treat decedent for cancer in his right lung. The disease spread and Kates died at Kern Medical Center in Bakersfield on December 12, 1992.

On January 21, 1993, plaintiff retained the law offices of Neil C. Newson & Associates to pursue damages for wrongful death. The six-month period within which to file a claim under the California Tort Claims Act would expire on June 12, 1993.

Plaintiff's counsel requested decedent's medical records from the Department of Corrections by way of form letters dated March 1, 1993, March 8, 1993, July 7, 1993, July 12, 1993, August 10, 1993, and November 17, 1993. Counsel obtained the medical records from the State of California on December 6, 1993. Although no Tort Claims Act claim had, as yet, been filed, counsel maintained he could not file a claim for medical malpractice in good faith without first obtaining and reviewing the necessary medical records to substantiate the claim.

On December 8, 1993, two days after receiving decedent's medical records from the respondent, counsel prepared and transmitted an application for permission to present late claim to the State Board of Control. On January 26, 1994, the Board of Control informed counsel it did not have jurisdiction to consider the application because it was filed more than one year after decedent's death. On March 1, 1994, plaintiff's counsel filed a petition in Kern County Superior Court to obtain permission to file a late claim against the governmental entity. On April 7, 1994, after argument, the lower court denied the petition by minute order.

DISCUSSION

■ Plaintiff contends the lower court abused its discretion when it denied her petition seeking relief from the claim presentation requirements of Government Code sections 911.4, 915, subdivision (c), and 946.6, subdivisions (b)(1), (2), and (c)(1). Plaintiff argues (1) her attorney substantially complied with the relevant statutes; (2) her attorney's failure to file a claim with the State of California within 100 days after accrual of the cause of action was excusable; (3) public policy favors a trial on the merits; (4) the

State of California has not been prejudiced by the late filing of plaintiff's claim; and (5) the State of California should be estopped from asserting noncompliance with claim statutes.

In 1963, the Legislature enacted several interrelated statutory provisions effective September 20, 1963, which have become known as the Tort Claims Act (Gov. Code, §§ 810-996.6). (Cal. Government Tort Liability Practice (Cont.Ed.Bar 3d ed. 1992) § 2.1, pp. 69-70.) ■ The intent of the Tort Claims Act is not to expand the rights of plaintiffs against governmental entities. Rather, the intent of the act is to confine potential governmental liability to rigidly delineated circumstances. (*Williams* v. *Horvath* (1976) 16 Cal.3d 834, 838 [129 Cal.Rptr. 453, 548 P.2d 1125].)

The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity (Gov. Code, §§ 910, 912.4, 912.8, 945.4). The act creates a bond between the administrative claim and the judicial complaint. Each theory of recovery against the public entity must have been reflected in a timely claim. In addition, the factual circumstances set forth in the claim must correspond with the facts alleged in the complaint. (*Brownell* v. *Los Angeles Unified School Dist.* (1992) 4 Cal.App.4th 787, 793-794 [5 Cal.Rptr.2d 756].)

■ Government Code section 911.2 requires the claim relating to a cause of action for death or for injury to person or to personal property be presented not later than six months after the accrual of the cause of action. The claim presentation requirement serves several purposes: (1) it gives the public entity prompt notice of a claim so it can investigate the strengths and weaknesses of the claim while the evidence is still fresh and the witnesses are available; (2) it affords opportunity for amicable adjustment, thereby avoiding expenditure of public funds in needless litigation; and (3) it informs the public entity of potential liability so it can better prepare for the upcoming fiscal year. (*Wadley* v. *County of Los Angeles* (1962) 205 Cal.App.2d 668, 670 [23 Cal.Rptr. 154]; *Nguyen* v. *Los Angeles County Harbor/UCLA Medical Center* (1992) 8 Cal.App.4th 729, 734 [10 Cal.Rptr.2d 709].)

Generally speaking, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented until a written claim has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board. (Gov. Code, § 945.4; *Ocean Services Corp.* v. *Ventura Port Dist.* (1993) 15 Cal.App.4th 1762, 1775 [19 Cal.Rptr.2d 750].) A "public entity" includes the state, the Regents of the University of California, a

county, city, district, public authority, public agency, and any other political subdivision or public corporation in the state. (Gov. Code, § 811.2.)

Under Government Code section 945.4, presentation of a timely claim is a condition precedent to the commencement of suit against the public entity. However, if the injured party fails to file a timely claim, a written application may be made to the public entity for leave to present such claim. (Gov. Code, § 911.4, subd. (a).) If the public entity denies the application, Government Code section 946.6 authorizes the injured party to petition the court for relief from the claim requirements.[3]

■ The court must grant the petition under Government Code section 946.6, subdivision (c) if the claimant demonstrates by a preponderance of the evidence the application to the public entity under Government Code section 911.4 was made within a reasonable time not exceeding one year after the accrual of the cause of action, and one of the other four requirements listed in Government Code section 946.6, subdivision (c) is met. In

---

[3]Government Code section 946.6 states in relevant part:

"(a) Where an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from Section 945.4 [necessity of written claim]. The proper court for filing the petition is a court which would be a competent court for the trial of an action on the cause of action to which the claim relates and which is located in a county or judicial district which would be a proper place for the trial of the action, and if the petition is filed in a court which is not a proper court for the determination of the matter, the court, on motion of any party, shall transfer the proceeding to a proper court.

"(b) The petition shall show each of the following:

"(1) That application was made to the board under Section 911.4 and was denied or deemed denied.

"(2) The reason for failure to present the claim within the time limit specified in Section 911.2.

"(3) The information required by Section 910.

"The petition shall be filed within six months after the application to the board is denied or deemed to be denied pursuant to Section 911.6.

"(c) The court shall relieve the petitioner from Section 945.4 if the court finds that the application to the board under Section 911.4 was made within a reasonable time not to exceed that specified in subdivision (b) of Section 911.4 and was denied or deemed denied pursuant to Section 911.6 and that one or more of the following is applicable:

"(1) The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect unless the public entity establishes that it would be prejudiced if the court relieves the petitioner from Section 945.4; or

"(2) The person who sustained the alleged injury, damage or loss was a minor during all of the time specified in Section 911.2 for the presentation of the claim; or

"(3) The person who sustained the alleged injury, damage or loss was physically or mentally incapacitated during all of the time specified in Section 911.2 for the presentation of the claim and by reason of that disability failed to present a claim during that time; or

"(4) The person who sustained the alleged injury, damages or loss died before the expiration of the time specified in Section 911.2 for the presentation of the claim."

determining whether relief is warranted, the court will consider the petition, any affidavits submitted in support of or in opposition to the petition, and any other evidence presented at the hearing. (Gov. Code, § 946.6, subd. (e).) (*Bettencourt* v. *Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 275 [228 Cal.Rptr. 190, 721 P.2d 71]; *Drummond* v. *County of Fresno* (1987) 193 Cal.App.3d 1406, 1410 [238 Cal.Rptr. 613].)

■ The determination of the trial court in granting or denying a petition for relief under Government Code section 946.6 will not be disturbed on appeal except for an abuse of discretion. Abuse of discretion is shown where uncontradicted evidence or affidavits of the plaintiff establish adequate cause for relief. (*Ebersol* v. *Cowan* (1983) 35 Cal.3d 427, 435 [197 Cal.Rptr. 601, 673 P.2d 271].)

Government Code section 946.6 is a remedial statute intended to provide relief from technical rules which otherwise provide a trap for the unwary. The remedial policy underlying the statute is that wherever possible cases should be heard on their merits. Thus, a *denial* of such relief by the trial court is examined more rigorously than where relief is granted and any doubts which may exist should be resolved in favor of the application. (*Bettencourt* v. *Los Rios Community College Dist.*, *supra*, 42 Cal.3d at pp. 275-276; *Drummond* v. *County of Fresno*, *supra*, 193 Cal.App.3d at pp. 1410-1411.)

■ Relief from the six-month limit is granted under the same showing as is required for relief under Code of Civil Procedure section 473. (*Viles* v. *State of California* (1967) 66 Cal.2d 24, 29 [56 Cal.Rptr. 666, 423 P.2d 818] [construing predecessor statutes].) It is the well-recognized policy of the law to liberally construe remedial statutes designed to protect persons within their purview, and the modern trend of judicial decisions favors granting relief unless absolutely forbidden by statute. A public entity in a proper case may be estopped from relying on the defense of noncompliance or late compliance with the statute and substantial compliance is all that is required. The old doctrine of strict and literal compliance, with its attendant harsh and unfair results, has disappeared from California law. (*Cruise* v. *City & County of San Francisco* (1951) 101 Cal.App.2d 558, 562-563 [225 P.2d 988].)

■ The foregoing general rules counsel liberal construction of the governmental tort claims statutes. Nevertheless, courts have developed additional rules to deal with specific instances of less than strict compliance. For instance, mistake of law based solely on ignorance of the six-month claim requirement is not enough. Moreover, a petitioner may not successfully argue excusable neglect when he or she fails to take any action in pursuit of

the claim within the six-month period. The claimant must, at a minimum, make a diligent effort to obtain legal counsel within six months after the accrual of the cause of action. Once retained, it is the responsibility of legal counsel to diligently pursue the pertinent facts of the cause of action to identify possible defendants. (*Ebersol* v. *Cowan, supra,* 35 Cal.3d at p. 439; *Bertorelli* v. *City of Tulare* (1986) 180 Cal.App.3d 432, 439-440 [225 Cal.Rptr. 582].)

Another such rule is critical here. Filing a late-claim application within one year after the accrual of a cause of action is a jurisdictional prerequisite to a claim-relief petition. (*Santee* v. *Santa Clara County Office of Education, supra,* 220 Cal.App.3d at p. 713.) When the underlying application to file a late claim is filed more than one year after the accrual of the cause of action, the court is without jurisdiction to grant relief under Government Code section 946.6. (*Greyhound Lines, Inc.* v. *County of Santa Clara* (1986) 187 Cal.App.3d 480, 488 [231 Cal.Rptr. 702].) Government Code section 911.4 specifically states:

"(a) When a claim that is required by Section 911.2 to be presented not later than six months after the accrual of the cause of action is not presented within such time, a written application may be made to the public entity for leave to present such claim.

"(b) The application shall be presented to the public entity as provided in Article 2 (commencing with Section 915) of this chapter within a reasonable time *not to exceed one year after the accrual of the cause of action* and shall state the reason for the delay in presenting the claim. The proposed claim shall be attached to the application. In computing the one-year period under this subdivision, time during which the person who sustained the alleged injury, damage, or loss is a minor shall be counted, but the time during which he is mentally incapacitated and does not have a guardian or a conservator of his person shall not be counted." (Italics added.) ▮ In the instant case, respondent submits the one-year jurisdictional time limit expired on December 12, 1993 (one year after the death of Curtis Kates), and the lower court had no jurisdiction to grant the petition because plaintiff applied to the State Board of Control for leave to present a late claim on December 22, 1993, a date beyond the one-year period.

Plaintiff attempts to avoid the impact of this rule by pointing out she mailed her application to the State Board of Control on December 8, 1993. This is a misstatement of fact. Government Code section 915, subdivision (b) states:

"(b) A claim, any amendment thereto, or an application for leave to file a late claim shall be presented to the state by:

"(1) Delivering it to an office of the State Board of Control; or

"(2) Mailing it to the State Board of Control at its principal office." In the instant case, plaintiff's counsel did mail an application for permission to present late claim. However, counsel addressed and mailed the document to the California Correctional Institution in Tehachapi, and the State Board of Control did not receive it until December 22, 1993. Plaintiff nevertheless contends this constituted "substantial compliance." Not so. Government Code section 915.2 states in relevant part: "If a[n] . . . application to a public entity for leave to present a late claim is presented or sent by mail under this chapter . . . the . . . application . . . shall be mailed in the manner prescribed in this section. The . . . application . . . must be deposited in the United States Post Office, or a mailbox, sub-post office, substation, or mail chute, or other like facility regularly maintained by the Government of the United States, in a sealed envelope, *properly addressed*, with postage paid. The . . . application . . . shall be deemed to have been presented and received at the time of the deposit. . . ." (Italics added.)

In the instant case, plaintiff's counsel deposited the application for leave to present a late claim in the United States mail in a timely fashion. However, he addressed the application to the California Correctional Institution in Tehachapi rather than to the State Board of Control. Government Code section 915, subdivision (c) clearly states: "A[n] . . . application [to the public entity for leave to present a late claim] shall be deemed to have been presented in compliance with this section even though it is not delivered or mailed as provided in this section if it is actually received . . . at an office of the State Board of Control, within the time prescribed for presentation thereof." Here, the government claims division of the State Board of Control did not receive plaintiff's application until December 22, 1993, a date beyond the one-year application period. If an application for leave to file a late claim does not reach the appropriate officials or board in a timely fashion, as in the instant case, there is no substantial compliance with the claims statute. Substantial compliance under Government Code section 915, subdivision (c) demands the misdirected claim be "actually received" by the appropriate person or board within the time prescribed for presentation thereof. (*Life* v. *County of Los Angeles* (1991) 227 Cal.App.3d 894, 900-901 [278 Cal.Rptr. 196].)

▮▮▮ Plaintiff nevertheless contends any delay should be attributed to respondent's employees: "Any error attributable to Appellant's attorney in mailing the Application for Permission to Present Late Claim should not inure to the benefit of Respondent since the de facto malfeasance of Respondent's employees (in refusing to honor Appellant's attorney's repeated

request[s] for medical records) contribut[ed] to the 'emergency situation' in which time was of the essence in filing the required documents. The indisputable fact remains that Respondent did, in fact, receive Appellant's Application for Permission to Present Late Claim and was not prejudiced or even inconvenienced, by this filing."

Plaintiff's counsel elaborates on this point when he would explain his failure to file a claim with the State of California within 100 days after accrual of the cause of action:[4] "Appellant's attorney has claimed excusable neglect for failure to file Appellant's claim with Respondent within 100 days from accrual of her cause of action. The record is clear that Appellant's attorney desired to ascertain [] whether her claim was meritorious before any filing. This conduct should be commended in a litigious society where the dockets of all state courts are overloaded.

"Appellant's attorney requested said medical records from Tehachapi Correctional Institute on March 1, 1993 . . . ; Parole and Community Services, Region 1 on March 8, 1993 . . . ; Parole and Community Services, Region 1 on July 7, 1993 . . . ; Archives Unit Department of Corrections on July 12, 1993 . . . ; Parole [and] Community Services, Region 1, on August 10, 1993 . . . ; Archives Unit Department of Corrections on August 10, 1993 . . . ; Archives Unit, and Department of Corrections on November 17, 1993 . . . .

"Appellant's attorney received absolutely no response from Tehachapi Correctional Institute, Parole [and] Community Services, or the Archives Unit, Department of Corrections until December 6, 1993 when the requested medical records were received by Appellant's attorney from the Archives Unit, Department of Corrections . . . . Appellant's attorney promptly filed Appellant's Application for Permission to File a Late Claim on December 8, 1993 - two (2) days after receipt of said medical records. . . .

". . . . . . . . . . . . . . . . . . . . . . . .

"Appellant's counsel used diligence in requesting the medical records from three separate subdivisions of Respondent, State of California . . . . In

---

[4]Plaintiff's counsel apparently maintains he had only 100 days after the accrual of the cause of action to file a claim with the State of California. Under former law, the time for presentation of a claim was not later than the 100th day after the accrual of the cause of action. (Former Gov. Code, § 911.2; Cal. Government Tort Liability Practice, *supra*, § 6.40, pp. 688-689.) A six-month period for presentation of claims applies to actions based on acts or omissions occurring on or after January 1, 1988. (*County of Los Angeles* v. *Superior Court* (1990) 223 Cal.App.3d 163, 165-166 [272 Cal.Rptr. 600]; Stats. 1987, ch. 1208, §§ 3, 11, pp. 4306, 4313.)

this case, Appellant's attorney was aware of the identity of Respondent, the State of California. Appellant's attorney was lulled into a somewhat false sense of complacency in reliance on the notion that a letter sent to a governmental agency by an attorney would receive some type of response. Had any employee of Respondent extended the simple courtesy of a response, Appellant's attorney would have been able to pursue the medical records more directly. In fact, one of his (repeated) letters eventually prompted receipt of the medical records. . . ."

Under Government Code section 946.6, a court shall relieve the petitioner from Government Code section 945.4 (necessity of written claim acted upon by board or deemed to have been rejected) if the court finds (1) the application to the board under Government Code section 911.4 was made within a reasonable time not to exceed that specified in Government Code section 911.4, subdivision (b) (one year after the accrual of the cause of action); (2) the application was denied or deemed denied pursuant to Government Code section 911.6 (grant or denial of application by board); and (3) the failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes it would be prejudiced in the defense of the claim if the court relieves the petitioner from Government Code section 945.4.

In the instant case, we initially note plaintiff's application to the State Board of Control did not satisfy the time requirements of Government Code section 911.4, and relief under Government Code section 946.6, subdivision (c) is unavailable. However, for the sake of discussion, assuming arguendo compliance, the next question is whether the failure to timely present the claim was through mistake, inadvertence, surprise, or excusable neglect. Plaintiff contends any neglect here was excusable because respondent's employees were derelict in their duty to promptly transmit medical records to her counsel.

■ Excusable neglect has been defined as neglect that might have been the act or omission of a reasonably prudent person under the same or similar circumstances. Cases in which relief on the basis of excusable neglect is granted generally involve plaintiffs who have diligently acted within the claims-filing limitation period (i.e., six months) to retain counsel. Generally speaking, it is the neglectful conduct of counsel or counsel's staff, imputed to plaintiff, which is determined to be excusable and the neglectful conduct is deemed relatively minor. (*Ebersol* v. *Cowan*, *supra*, 35 Cal.3d at pp. 435-436; Cal. Government Tort Liability Practice, *supra*, § 6.77, pp. 748-749.) In deciding whether counsel's error is excusable, the reviewing court looks to the nature of the mistake or neglect and whether counsel was

otherwise diligent in investigating and pursuing the claim. When examining the mistake or neglect, the court inquires whether a reasonably prudent person might have made the same error under the same or similar circumstances. (*Bettencourt* v. *Los Rios Community College Dist.*, *supra*, 42 Cal.3d at p. 276.)

■ As we have noted, a petitioner has the burden of proving by a preponderance of the evidence the necessary elements for relief. The granting or denial of a petition for relief under Government Code section 946.6 rests within the discretion of the trial court, and its determination will not be disturbed on appeal except for abuse of that discretion. Appellate courts may not substitute their own judgment for the function of the superior court, which is to decide these petitions. A superior court may properly deny relief under Government Code section 946.6 where there is simply no competent evidence before the trial court upon which it could exercise its discretion. (*Rodriguez* v. *County of Los Angeles* (1985) 171 Cal.App.3d 171, 175-177 [217 Cal.Rptr. 69].) A petitioner or counsel for a petitioner must show more than the mere failure to discover a fact until too late; he or she must establish the failure to discover that fact in the use of reasonable diligence. (*City of Fresno* v. *Superior Court* (1980) 104 Cal.App.3d 25, 32 [163 Cal.Rptr. 807].)

In the instant case, the lower court properly concluded there was no competent evidence before it upon which it could exercise its discretion:

"The best that Plaintiff can show is that a few 'boiler plate' letters are sent (one even referring to a pending insurance company settlement for which there is no basis in fact) requesting medical records, some with authorizations signed by a 'Rhonda Munoz' to obtain records 'for father Curtis Kates.' None of the authorizations were self-authenticating by content or attachment with regard to the relationship between Rhonda Munoz and Curtis Kates. Other than occasional items of correspondence, no other effort is made to obtain records either from the Tehachapi facility, the Department of Corrections or the Kern Medical Center. There is no evidence of any physical effort to call upon any facility or office involved with the State of California, the Department of Corrections, the facility at Tehachapi, nor Kern Medical Center.

"The Petitioner's attorney does not show due diligence in attempting to comply with the claims statute or the requirements for obtaining leave to file late claim."

Remedial statutes such as Government Code section 946.6 should be liberally construed. However, this does not mean relief in such cases should

be granted casually. As noted above, a petitioner must show more than his or her failure to discover a fact until too late; the petitioner must establish that in the use of reasonable diligence he or she failed to discover it. (*Greene* v. *State of California* (1990) 222 Cal.App.3d 117, 121 [272 Cal.Rptr. 52].) Here, the lower court reasonably concluded there was no showing of diligence in the six months following the death of Curtis Kates. As respondent points out, the only action taken to investigate the claim was the alleged sending of two letters in early March 1993. Respondent aptly observes:

"Curiously, appellant offered no evidence that she was unaware, or not suspicious, that her father was receiving 'inadequate' medical care in prison or elsewhere. To the contrary, appellant wasted no time in hiring an attorney to pursue a claim. . . . Since appellant made a choice not to present evidence, she cannot now complain that she failed to meet her burden of proof.

"Moreover, appellant's counsel was aware that there was a potential claim because the July 7, 1993 letter states that 'the insurance company wishes to settle this claim, but we cannot evaluate this case without your statement.' . . . It is inconsistent for appellant's counsel to contend on appeal that he did not have enough information to file a claim in 'good faith[,'] yet at the same time not explain why he had previously asserted in correspondence that he had enough information to make a claim on an insurance company."

Plaintiff repeatedly contends her counsel needed her deceased father's medical records before counsel could file a claim in good faith. Responding to this argument, the lower court noted the specificity required for service of a notice in a medical malpractice case (Code Civ. Proc., § 364) does not apply to the filing of a claim under Government Code section 911.2. Government Code section 910 governs the contents of a claim. A claim need only show (a) the name and post office address of the claimant; (b) the post office address to which the person presenting the claim desires notices to be sent; (c) the date, place, and other circumstances of the occurrence or transaction which gave rise to the claim asserted; (d) a general description of the indebtedness, obligation, injury, damage or loss incurred *so far as it may be known at the time of presentation of the claim*; (e) the name or names of the public employee or employees causing the injury, damage, or loss, *if known*; and (f) an indication whether jurisdiction over the claim rests in municipal or superior court if the amount claimed exceeds $10,000. While Code of Civil Procedure section 364 requires specificity with regard to the nature of the injury suffered, Government Code section 910 clearly does not.

(*Anson* v. *County of Merced* (1988) 202 Cal.App.3d 1195, 1203-1204 [249 Cal.Rptr. 457].) Thus, the lower court reasonably concluded that counsel's goal of perfect precision was no excuse for failure to file the claim within the statutory six-month period.

■ Plaintiff lastly contends the State of California should be estopped from asserting noncompliance with claims statutes: "In the instant case, governmental employees acted affirmatively in concealing essential facts from Appellant's attorney. They not only refused to submit the requested medical records but failed to contact Appellant's attorney indicating either the appropriate custodian of the records or, in the alternative, that the agency contacted by Appellant's attorney was not the custodian of the requested medical records."

■ A public entity may be estopped from asserting the limitations of the tort claims statutes where its agents or employees have prevented or deterred the filing of a timely claim by some affirmative act. The required elements for an equitable estoppel are: (1) the party to be estopped must be apprised of the facts; (2) the party to be estopped must intend his or her conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) the other party must rely upon the conduct to his or her injury. (*Santee* v. *Santa Clara County Office of Education, supra,* 220 Cal.App.3d at pp. 715-716.)

■ As respondent properly notes, the issue of estoppel has been raised for the first time on appeal in the instant case. Estoppel must be pleaded and proved as an affirmative bar to a defense of statute of limitations. The instant petition for order permitting late claim was based on two grounds: "1. The failure to present the claim was through mistake, inadvertence, [surprise] or excusable neglect pursuant to Government Code section 946.6(c)(1), or, in the alternative, 2. [T]hat pursuant to Government Code section 915.2, claimant served a timely application for permission to present late claim on December 8, 1993." The petition did not allege a fraudulent concealment of decedent's medical records. Rather, plaintiff simply alleged: "The State of California failed to provide petitioner's attorney with the requested medical records until December 6, 1993," and made other statements to that effect. Since plaintiff did not expressly raise the doctrine of estoppel below and the lower court did not address or rule upon it in the statement of decision, plaintiff may not rely upon the doctrine of estoppel now. Moreover, plaintiff's assertions on appeal fail to satisfy the required elements for an equitable estoppel. Thus, even had plaintiff properly raised this issue below, it would be rejected here. (*Hanson* v. *Garden Grove Unified School Dist.* (1982) 129 Cal.App.3d 942, 948-949 [181 Cal.Rptr. 378].)

The trial court's order denying plaintiff leave to file a late tort claim is affirmed. Respondent is awarded costs on appeal.

Stone (W. A.), J., and Harris, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 14, 1995.