Filed 1/22/14  Peavy v. California Men's Colony CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| GARY L. PEAVY, | D063561 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2012-00099159-CU-PT-CTL) |
| CALIFORNIA MEN'S COLONY, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Lisa C. Schall, Judge.  Affirmed.

Gary L. Peavy, in pro. per., for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Jonathan L. Wolff, Assistant Attorney General, Thomas S. Patterson and John P. Walters, Deputy Attorneys General, for Defendant and Respondent.

Gary L. Peavy appeals, in propria persona, from an order denying his petition brought under Government Code section 946.6 for leave to file a late tort claim against the California Men's Colony. (Undesignated statutory references are to the Government Code.) We conclude the trial court did not abuse its discretion in denying the petition because Peavy failed to establish the elements of section 946.6 relief by any competent evidence. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Peavy was a prisoner at the California Men's Colony. He alleges that various prison employees discriminated and retaliated against him. Specifically, Peavy claims: (1) on September 10, 2008, he was denied an appropriate prison job after suffering a work injury; (2) on July 30, 2009, he received a false disciplinary report for allegedly using an expired medical card earlier that month; (3) on September 27, 2009, prison staff accused him of malingering and denied him appropriate medical attention; and (4) in November 2009, the prison warden ignored his complaint letter.

On December 20, 2011, Peavy filed a tort claim with the Victim Compensation and Government Claims Board (the Board). The Board rejected the claim because it was filed more than one year after the date of the incident that formed the basis of the claim and it "[was] too late for the Board to consider an application to present a late claim."

On June 14, 2012, Peavy filed a petition in the superior court under section 946.6 for relief from the tort claim requirements. He claimed his delay in filing a claim was due to a failure by prison officials to respond to his grievances in a timely manner. He also stated that his failure to present the claim was due to "mistake, inadvertence, surprise

2

or excusable neglect."  The court denied the petition, finding that "it d[id] not have jurisdiction as the claim was not filed within one year."

DISCUSSION

I. *Request for Judicial Notice*

Peavy requested that we take judicial notice of documents filed in the superior court and United States District Court for the Southern District of California.  The documents include a declaration from Peavy and a copy of his tort claim, which was filed in the superior court.  It is unclear which documents, if any, were filed in the federal court.  The Attorney General referenced the documents in her brief and did not oppose Peavy's request for judicial notice.  Accordingly, we take judicial notice of the requested documents.  (Evid. Code, § 452, subd. (d) [providing that a court may take judicial notice of the "[r]ecords of . . . any court of this state"].)

II.  *Tort Claims Act*

Under the procedure set out in sections 810 et seq. (known as the Government Claims Act), a person may sue a public entity for damages only if he or she first presents a claim to the public entity within six months of the claim's accrual, and the entity has rejected the claim or the claim is deemed rejected.  (§§ 911.2, 945.4; *Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1776 (*Munoz*).)  If a claimant misses the six month deadline, he or she may apply to the public entity for leave to present a late claim. (§ 911.4, subd. (a).)  Such an application must be filed "within a reasonable time not to exceed one year after the accrual of the cause of action."  (§§ 911.4, subd. (b), 911.6.)  If the public entity denies leave to present a late claim, the claimant can petition the court

3

under section 946.6 for an order relieving him or her of the claim presentation requirements.

The court must relieve the petitioner from the claim presentation requirements if it finds the claimant's application under section 911.4 was made within a reasonable time, was denied or deemed denied under section 911.6, and "[t]he failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim if the court relieves the petitioner from Section 945.4." (§ 946.6, subd. (c)(1).) In determining whether relief is warranted, the court will consider the petition, any supporting or opposing affidavits, and any other evidence presented at the hearing. (§ 946.6, subd. (e); *Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 275 (*Bettencourt*); *Munoz*, *supra*, 33 Cal.App.4th at p. 1778.)

"The determination of the trial court in granting or denying a petition for relief under . . . section 946.6 will not be disturbed on appeal except for an abuse of discretion. Abuse of discretion is shown where uncontradicted evidence or affidavits of the plaintiff establish adequate cause for relief." (*Munoz*, *supra*, 33 Cal.App.4th at p. 1778.)

Here, Peavy alleged the incidents giving rise to his claims occurred between September 2008 and November 2009. In December 2011, he submitted a tort claim to the Board, which was denied because it was untimely. Thereafter, he sought relief from the court, claiming his failure to timely present a tort claim was due to the prison's "[b]ad [f]aith in [r]esponding to CDC Grievances Log No. CMC-W-09-1542." There is no evidence in the record before us regarding whether that grievance relates to Peavy's

4

present claims. Further, there is no evidence regarding the disposition or status of that grievance. While section 946.6 is remedial and to be liberally construed in the claimant's favor (*Bettencourt*, *supra*, 42 Cal.3d at p. 275), the petitioner must nevertheless demonstrate by a preponderance of the evidence that relief is warranted. (*Munoz*, *supra*, 33 Cal.App.4th at pp. 1777, 1783.) "[I]t is proper to deny relief under section 946.6 where there is 'simply no competent evidence before the trial court upon which it could exercise its discretion.' " (*Rodriguez v. County of Los Angeles* (1985) 171 Cal.App.3d 171, 176.) Based on the lack of evidence before the trial court, it did not abuse its discretion in finding Peavy's claim was untimely.

Peavy also failed to demonstrate that his "failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect." (§ 946.6, subd. (c)(1).) Although he made this allegation in the trial court, "[t]he mere recital of mistake, inadvertence, surprise or excusable neglect is not sufficient to warrant relief." (*Department of Water & Power v. Superior Court* (2000) 82 Cal.App.4th 1288, 1293.) Peavy did not elaborate on his assertion or provide any evidence supporting it.

Lastly, Peavy makes a vague assertion for the first time on appeal that his claims did not accrue until he was discharged from parole on January 22, 2011, because that is when he was informed that there "was [nothing] else [he] could do" regarding his pending prison grievances. Again, this assertion is not supported by any evidence much less competent evidence.

Based on the record before us, we conclude the trial court did not abuse its discretion in denying Peavy's section 946.6 petition.

5

DISPOSITION

The order is affirmed.

                                                              McINTYRE, J.

WE CONCUR:

BENKE, Acting P. J.

McDONALD, J.