NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 19 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL W. WATKINS; MARYANN WATKINS, | No. 23-16171 |
| Plaintiffs-Appellants, | D.C. No. 1:21-cv-01348-JLT-SAB |
| v. | |
| WILLIAM WESTIN, in his official capacity as Chief of Inspection Services Section (ISS) of California Department of Corrections and Rehabilitation (CDCR) and in his personal capacity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted February 19, 2025**
San Francisco, California

Before: FRIEDLAND, BENNETT, and BADE, Circuit Judges.

Plaintiff Michael Watkins[1] appeals pro se from the district court's dismissal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Watkins's wife Maryann Watkins is also a plaintiff in the suit.

pursuant to Federal Rule of Civil Procedure 12(b)(6) of all claims and denial of Plaintiff's motion for reconsideration. "We review de novo the district court's dismissal of plaintiff's complaint for failure to state a claim under Rule 12(b)(6)," *Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1105 (9th Cir. 2021) (quoting *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1035 (9th Cir. 2002)), and we review for abuse of discretion the district court's denials of motions for reconsideration, motions for leave to amend, and motions to disqualify opposing counsel, *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1211 (9th Cir. 2012); *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002); *Unified Sewerage Agency of Wash. Cnty. v. Jelco Inc.*, 646 F.2d 1339, 1351 (9th Cir. 1981). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Watkins failed to comply with Government Claims Act filing requirements for his state law claims for breach of agreement, "Bate [sic] and Switch" fraud, and "Taking a way [sic] livelihood." California's Government Claims Act requires that "any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. State of California*, 39 Cal. Rptr. 2d 860, 863 (Ct. App. 1995). "Each theory of recovery against the public entity must have been reflected in a timely claim." *Id.* at 863-64. Watkins submitted a government claim to the California Department of Corrections and Rehabilitation ("CDCR") on September 13, 2021, and he received

a right-to-sue notice from the California Department of Fair Employment and Housing on November 15, 2022.[2]  But even if those government claims were considered timely, they pertained only to Watkins's causes of action for wrongful termination and did not reference Watkins's allegations about the allegedly broken promises that Defendants made to Watkins about the nature of the CDCR job. Watkins's claims for breach of agreement, bait and switch, and taking away livelihood were thus properly dismissed for failure to present those claims to the CDCR as required by the Government Claims Act.

2. Watkins's Section 1983 claim against Defendant officers for violation of the Fourteenth Amendment was properly dismissed under Federal Rule of Civil Procedure 12(b)(6) because Watkins cannot allege that he was deprived of due process.  To establish a violation of due process, Watkins must first show he was deprived of a constitutionally protected property or liberty interest.  *Bollow v. Fed. Rsrv. Bank of S.F.*, 650 F.2d 1093, 1098 (9th Cir. 1981).  "To have a property interest in a governmental benefit, including employment, an individual must have an entitlement to the benefit," *id.*, and that entitlement must come from "rules or

---

[2] Defendants' motion to take judicial notice of the public records relating to government claims made by Watkins from the Government Claims Unit and Government Claims Program within the California Department of General Services, Docket No. 13, is **DENIED** as unnecessary because the relevant records are already included in the Supplemental Excerpts of Record.

understandings" stemming from an independent source such as state law, *id.* (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). Watkins's First Amended Complaint alleged that Defendants violated his due process rights by breaking their promises regarding the terms of Watkins's employment. Watkins has not, however, alleged any facts that could show that those promises created an entitlement. *See id.* at 1099-1100 (holding that a government officer's promises of continued employment, which exceeded the officer's authority to provide, could not support a claim of entitlement).

Watkins's Fourteenth Amendment claim that the State violated his due process and equal protection rights by taking the money Watkins paid into the state retirement plan is barred by the Eleventh Amendment. The Eleventh Amendment prohibits federal courts from hearing suits against nonconsenting states, *Munoz v. Superior Ct.*, 91 F.4th 977, 980 (9th Cir. 2024), and California has not consented here, so Watkins's claim against the State is barred. To the extent Watkins brings the claim against Defendant officials, that claim fails because state officials are liable under Section 1983 only upon "a showing of personal participation in the alleged rights deprivation." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Watkins does not and could not allege that Defendant officials personally participated in the taking of money paid into the state retirement plan.

The district court did not abuse its discretion in denying Watkins's motion to

reconsider on the grounds that the State consented to suit under the Tom Bane Civil Rights Act. The Bane Act does not constitute consent by the State to be sued. *See Stanley v. Trs. of Cal. State Univ.*, 433 F.3d 1129, 1134 (9th Cir. 2006).

3. The district court did not abuse its discretion in denying Watkins's request to amend his complaint to add claims for wrongful termination, disability discrimination, failure to provide reasonable accommodations, and retaliation under California's Fair Employment and Housing Act ("FEHA"). FEHA prohibits employers from discriminating against employees due to a medical condition, physical disability, or perceived disability. Cal. Gov't Code §§ 12940(a), 12926(i), (m)(1), (m)(4). Neither Watkins's proposed Second or Third Amended Complaints alleged facts that could establish that Watkins's allergies constitute a medical condition or physical disability. "Medical condition" is defined to cover only cancer-related health impairments and "genetic characteristics," *id.* § 12926(i), and Watkins did not allege that he had any condition that would qualify under that definition. "Physical disability" includes physiological diseases, disorders, and conditions that limit a major life activity. *Id.* § 12926(m)(1). A regulation interpreting FEHA clarifies that "physical disability" does not include "conditions that are mild . . . such as the common cold[ and] seasonal or common influenza." Cal. Code Regs. tit. 2, § 11065(d)(9)(B) (2019); *see also Colmenares v. Braemar Country Club, Inc.*, 29 Cal. 4th 1019, 1029 (2003) (explaining that

California courts give "substantial weight" to regulations construing FEHA's statutory definitions (quoting *Kelly v. Methodist Hosp. of S. Cal.*, 22 Cal. 4th 1108, 1118 (2000))). Watkins did not allege any facts that would indicate his allergies were severe enough to constitute a disability. That is not remedied by Watkins's allegations that his employer prevented him from working due to his sneezing. Whether an act of discrimination is due to an employee's actual disability or an employer's perception that the employee has a disability, that disability must still qualify under the statutory definition. *See* Cal. Gov't Code § 12926(m)(4). Because Watkins did not sufficiently plead that his employer's actions related to a qualifying medical condition or physical disability, or to a perception of the same, he cannot establish a prima facie case for any of his FEHA claims. The district court therefore did not err in denying Watkins's request to amend or his motion for reconsideration of the request to amend.

4. The district court did not abuse its discretion in denying Watkins's motion to remove the State's counsel from the case based on a purported conflict of interest. Watkins's allegation that the State's counsel had a personal interest in the case due to her participation in the California Public Employees' Retirement System has no merit.

**AFFIRMED.**

6