Filed 2/16/22  Duran v. County of San Bernardino CA4/2
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

JESUS DURAN,

    Plaintiff and Appellant,

v.

COUNTY OF SAN BERNARDINO,

    Defendant and Respondent.

E075647

(Super .Ct. No. CIVDS1934955)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Rafael A. Arreola*

and Brian S. McCarville, Judges.  Affirmed.

National Choice Lawyers and Koorosh K Shahrokh, for Plaintiff and Appellant.

Michelle D. Blakemore, County Counsel, and Laura L. Crane, Deputy

County Counsel, for Defendant and Respondent.

*Retired Judge of the San Diego Superior Court assigned by the Chief Justice pursuant to art. VI, section 6 of the California Constitution.

1

# I.

## INTRODUCTION

After a car accident, Jesus Duran received medical care at Arrowhead Regional Medical Center (Arrowhead), a hospital run by the County of San Bernardino (the County). During a physical therapy session at Arrowhead, Duran fell and broke his femur. Duran missed the six-month deadline to file a claim with Arrowhead, and Arrowhead denied his request to file a late claim. He then petitioned the trial court for leave to file a late claim. The trial court denied his petition and entered judgment against him on January 31, 2019. The trial court then denied Duran's motion to vacate the judgment, and he timely appealed. We affirm.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

Duran was in a car accident at some point before September 2018. On September 12, 2018, he was receiving physical therapy at Arrowhead when the therapist dropped him on the floor. Duran learned a few days later that he fractured his femur when he fell. He had surgery the following day to treat the fracture and spent about a month and a half recovering at Arrowhead. He then spent about five weeks at another hospital before going home, where he was bedridden for about three months.

Duran "contacted about seven attorneys in the months after [his] injury" to discuss bringing a claim against Arrowhead, but "[m]ost of the attorneys took a long time to get back to [him], so that delayed [his] search." One attorney told him that he "had to file a

2

claim within six months, but the six-month period had already passed by then" and that "it was too late to file a claim."

In mid-August 2019, Duran contacted and retained attorney Koorosh Shahrokh. Because by then Duran had missed the six-month deadline to file a claim against Arrowhead (see Gov. Code, §§ 911.2, 945.4), Shahrokh filed an application to file a late claim with Arrowhead on Duran's behalf on September 6, 2019. Arrowhead denied the application.

Duran petitioned the trial court for leave to file a late claim against Arrowhead (see Gov. Code, § 946.6). Duran argued that he was unaware of the six-month deadline and reasonably tried to retain a lawyer before it expired, but he could not do so because of the attorneys' "slow response times."

The Honorable Brian S. McCarville denied the petition and entered judgment for the County on January 31, 2020. Judge McCarville reasoned that Duran "had plenty of notice to talk to lawyers" and did not "see any excusable neglect on the part of [Duran], especially since he was talking to lawyer after lawyer."

About three weeks later, Duran filed a "Motion to Set Aside Judgment/Order Denying Petition for Relief." In the notice of motion, Duran stated he was moving under Code of Civil Procedure section 1008 (section 1008) "to reconsider the court's decision, made on or about January 21, 2020." In the argument section of his motion, however, Duran did not mention section 1008, but instead moved to set aside the judgment under Civil Code section 473 (section 473) based on Shahrokh's mistake or excusable neglect.

3

To support the motion, Duran provided evidence he did not submit with his petition, including his phone records, to show that he contacted multiple attorneys within six months of his fall at Arrowhead. Shahrokh filed a declaration with the motion in which he stated that he did not submit that evidence because he did not believe Duran had to prove that he contacted an attorney within six months of his injury and that the trial court had misunderstood controlling precedent. Duran thus argued that he did not provide evidence with his petition to prove that he contacted attorneys during that timeframe because of Shahrokh's mistake or excusable neglect.

The Honorable Rafael S. Arreola denied Duran's motion for reconsideration because he did not provide "new facts, law, or circumstances to warrant consideration," and the court lacked jurisdiction to consider the motion because judgment had already entered. Judge Arreola denied Duran's motion to vacate because there was no excusable neglect. In Judge Arreola's view, Shahrokh made a "decision to proceed without mentioning" that Duran had contacted several attorneys before the six-month deadline. Judge Arreola noted that Shahrokh thought case law "did not require any contact with an attorney" and so his failure to provide evidence of Duran's calls with attorneys was a tactical decision, not excusable mistake or neglect. Duran timely appealed.

III.

DISCUSSION

Duran argues the trial court erred in denying his petition and his motion to vacate and for reconsideration. We disagree.

4

A. *Jurisdiction*

We first address the County's argument that we lack jurisdiction over Duran's appeal of the judgment because his notice of appeal was insufficient. On the first page of Duran's notice of appeal, he checked the box stating he appeals "[a]n order after judgment," but does not check any other box. The County thus argues his notice of appeal is deficient because it is unclear whether he appeals the judgment.

In general, a notice of appeal that omits reference to the judgment or order challenged on appeal is insufficient to confer jurisdiction on this court. (*Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 47.) However, "'notices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced.'" (*D'Avola v. Anderson* (1996) 47 Cal.App.4th 358, 361.) The County notes that this rule may not apply when there are several appealable judgments and/or orders and the notice of appeal does not expressly identify each order appealed from. (See e.g., *Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173.) The County thus argues that Duran's notice of appeal is deficient because it states only that he is appealing an order after judgment entered on August 11, 2020 (the order denying his motion to vacate), but does not mention the judgment that he challenges on appeal.

We disagree. Duran's motion to vacate challenged the judgment as legally incorrect and unsupported by the evidence. By appealing the trial court's order denying

5

his motion to vacate, Duran necessarily challenges the judgment itself. The judgment was embraced by the order denying the motion to vacate. The County does not contend that it was misled or prejudiced by any errors or ambiguities in Duran's notice of appeal. (See *Luz v. Lopes* (1960) 55 Cal.2d 54, 59-60.) We therefore construe Duran's notice of appeal as appealing the judgment as well as the order denying his motion to vacate the judgment. (Cf. *Don v. Cruz* (1982) 131 Cal.App.3d 695, 699-700 [construing notice of appeal from order denying motion to vacate default judgment as appealing the judgment]; cf. *Ahdout v. Hekmatjah* (2013) 213 Cal.App.4th 21, 30 [construing notice of appeal from order confirming arbitration award and denying petition to vacate the award as appealing the judgment].)

B. *Motion to Vacate and For Reconsideration*

In his opening brief, Duran does not mention that his post-judgment motion was in part a motion to vacate under section 473. In fact, he does not cite that statute anywhere in his opening brief. Instead, he argues only that it was a motion for reconsideration under section 1008. We therefore need not discuss the motion insofar as it was brought under section 473 and need only address the motion insofar as it was a motion for reconsideration.

At oral argument, Duran's counsel requested that we construe the motion as a motion to vacate under section 473(b) as well. We need not do so because "[w]e do not consider arguments that are raised for the first time at oral argument." (*Haight Ashbury*

6

*Free Clinics, Inc. v. Happening House Ventures* (2010) 184 Cal.App.4th 1539, 1554, fn. 9.) Duran forfeited the argument by failing to raise it in his opening brief. (*Ibid.*)

Even if Duran had not forfeited his argument that the trial court erred by denying his motion under section 473, we reject it on the merits. Duran argued that the judgment should be set aside under section 473 due to Shahrokh's failure to include information in his petition about when Duran contacted attorneys after his injury. Duran claimed that this constituted excusable attorney mistake under section 473 justifying relief.

We disagree. In his declaration in support of the section 473 motion, Shahrokh stated that he did not submit evidence of Duran's phone calls in support of the petition because of his understanding of controlling precedent. Shahrokh did not think such evidence was necessary, so he intentionally did not include any in support of the petition. This tactical decision based on a misunderstanding of the law was not excusable mistake or neglect under section 473 that warranted vacating the judgment. (See *Licudine v. Cedars-Sinai Medical Center* (2019) 30 Cal.App.5th 918, 929 [section 473 relief not warranted based on attorney's "strategic and tactical" decision]; *Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1423-1424 ["Discretionary relief need not be granted for 'errors by [counsel]. . . in failing to calendar and appear' at a hearing."]; Garcia v. Hejmadi (1997) 58 Cal.App.4th 674, 681 ["Conduct falling below the professional standard of care, such as failure to timely object or to properly advance an argument, is not therefore excusable. To hold otherwise would be to eliminate the express statutory requirement of excusability

and effectively eviscerate the concept of attorney malpractice."].)  The trial court therefore properly denied Duran's section 437 motion.

Duran suggests that Judge McCarville had to decide the reconsideration motion, Judge Arreola had to continue it so that Judge McCarville could decide it, and that Judge Arreola did not have the authority to decide it himself.  Duran did not make these arguments in the trial court, so they are forfeited.  (*366-386 Geary St., L.P. v. Superior Court* (1990) 219 Cal.App.3d 1186, 1199 ["[R]eal parties failed to adequately raise this issue in the superior court, and it may not be raised for the first time on appeal."].)

Durant next argues that Judge Arreola incorrectly found that he did not have jurisdiction to decide the motion for reconsideration.  We disagree.  "Once the trial court has entered judgment, it is without power to grant reconsideration."  (*APRI Ins. Co. v. Superior Court* (1999) 76 Cal.App.4th 176, 182; see also *Farmers Insurance Exchange v. Superior Court* (2013) 218 Cal.App.4th 96, 98 [noting general 10-day deadline for motion for reconsideration].)  The trial court entered judgment nearly a month before Duran filed his motion for reconsideration.  Because the trial court lacked jurisdiction to consider a motion for reconsideration after judgment was entered, Judge Arreola properly denied Duran's motion for reconsideration for lack of jurisdiction.  We therefore need not address the parties' remaining arguments about the motion.

C. *Petition to File Late Claim*

Duran contends Judge McCarville erroneously denied his petition to file a late claim against Arrowhead.  We find no abuse of discretion.

8

Under the Government Claims Act (§ 810, et seq.), a claimant may not file a personal injury suit for money damages against a public entity like Arrowhead "unless he or she first presents a written claim to the entity within six months of the time [his or] her cause of action accrues, and the entity then denies the claim." (*S.M. v. Los Angeles Unified School District* (2010) 184 Cal.App.4th 712, 717.) If the claimant fails to file a timely claim, the claimant must apply to the public entity for leave to present a late claim within one year after the accrual of the cause of action. (Gov. Code, § 911.4, subds. (a)-(b).) If the public entity denies the application to file a late claim, the claimant may petition the superior court for leave to file a late claim. (Gov. Code, § 946.6, subds. (c)-(d).) The petition must be filed no later than six months after the public entity denies the claimant's application to file a late claim. (*S.M.*, *supra*, at p. 717.)

Under Government Code section 946.6, subdivision (c), the trial court must grant a petition for relief from the claim requirement "if the claimant demonstrates by a preponderance of the evidence the application to the public entity . . . was made within a reasonable time not exceeding one year after the accrual of the cause of action, and one of the other four requirements listed in Government Code section 946.6, subdivision (c) is met." (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1777.)

"The decision to grant or deny a petition seeking relief under [Government Code] section 946.6 is within the sound discretion of the trial court and will not be disturbed on appeal except for an abuse of discretion." (*Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 275.) However, we "will be more rigorous in examining the

9

denial of such relief than its allowance." (*County of Santa Clara v. Superior Court* (1971) 4 Cal.3d 545, 552.)

Duran argues his "failure to present the claim was through . . . excusable neglect." (Gov. Code, § 946.6, subd. (c)(1).) In particular, he argues that, as a layperson, he was unaware of the six-month deadline to file a claim against Arrowhead and "did not know how to file any court documents to pursue [his] claim."

A claimant "may not successfully argue excusable neglect when he or she fails to take any action in pursuit of the claim within the six-month period. The claimant must, at a minimum, make a diligent effort to obtain legal counsel *within six months* after the accrual of the cause of action." (*Munoz v. State of California*, *supra*, 33 Cal.App.4th at pp. 1778-1779, italics added.)

For instance, in *People ex rel. Dept. of Transportation v. Superior Court* (2003) 105 Cal.App.4th 39, the claimant was not entitled to relief from the six-month deadline to file a claim because he made no effort to retain an attorney for over seven months after his injury. By contrast, the claimant in *Ebersol v. Cowan* (1983) 35 Cal.3d 427 sought legal advice on the day of her injury and spoke with nine attorneys before the six-month deadline to file a claim expired, yet they all told her that she had no claim. (*Ebersol v. Cowman*, *supra*, 35 Cal.3d at p. 439.) The claimant persisted until she found an attorney who recognized she had a valid claim. (*Ibid.*) Our Supreme Court held the claimant was entitled to file a late claim because she diligently tried to retain counsel within six months of her injury. (*Ibid.*)

10

In his declaration in support of his petition, Duran stated that he contacted seven attorneys, but one of them told him he had missed the six-month deadline. As for the other six attorneys, Duran did not identify when he contacted them. He only stated that he contacted them "in the months after [his] injury."[1] Duran also did not say that he spoke with an attorney about the substance of his claim. Instead, he only "contacted" the attorneys, but "[m]ost of the attorneys took a long time to get back to [him]."

In short, Duran tried to obtain counsel after his injury, but we do not know whether he did so before the six-month deadline expired. We also do not know what his efforts entailed beyond "contacting" several attorneys and learning from one of them that he had missed the deadline. (See *Ebersol v. Cowman*, *supra*, 35 Cal.3d at pp. 435-436 [plaintiff excused from claim-filing deadline in part because multiple attorneys told her she had no case].) On this record, the trial court did not abuse its discretion in denying Duran's petition to file a late claim against Arrowhead.

Duran suggests that even if he did not diligently try to retain an attorney within six months of his injury, he may still bring a late claim against Arrowhead under *Barragan v. County of Los Angeles* (2010) 184 Cal.App.4th 1373 and *DeVore v. Department of California Highway Patrol* (2013) 221 Cal.App.4th 454 (*DeVore*). We disagree.

---

[1] At oral argument, Duran's counsel argued that Duran stated in his declaration in support of his petition that he contacted an attorney 25 days after his injury. Counsel is incorrect. Duran did not state anywhere in that declaration that he contact an attorney within 25 days of his injury, but instead stated only that he "contacted about seven attorneys in the months after my injury."

11

*Barragan* held that "[i]f a claimant can establish that physical and/or mental disability so limited the claimant's ability to function and seek out counsel such that the failure to seek counsel could itself be considered the act of a reasonably prudent person under the same or similar circumstances, excusable neglect is established." (*Barragan v. County of Los Angeles*, *supra*, 184 Cal.App.4th at p. 1385.) Duran does not contend that his injuries precluded him from seeking out counsel, so *Barragan* does not apply here.

In *DeVore*, the claimants' decedent was killed by a drunk driver, who was charged with vehicular manslaughter. (*DeVore*, *supra*, 221 Cal.App.4th at p. 457.) About ten months later, the claimants learned during the driver's preliminary hearing that a California Highway Patrol (CHP) Officer Justin Sherwood had pulled the driver over about two hours before he struck and killed the decedent. (*Id.* at pp. 457-458.) The *DeVore* court held the claimants were excused from the six-month deadline to file a claim against CHP because "nothing in the accident report or the records of the CHP would have led [the claimants] *or* an attorney acting with reasonable diligence to discover the earlier traffic stop or the identity of defendant Sherwood (and the audio/video recording from his patrol car)." (*Id.* at p. 462.) *DeVore* does not apply here because Duran does not dispute he was aware he had a potential claim against Arrowhead after his fall.

Because Duran did not diligently try to retain counsel within six months after his fall, the trial court did not abuse its discretion in denying his petition.

12

IV.

DISPOSITION

The judgment and the order denying Duran's motion to vacate the judgment and for reconsideration are affirmed.  The County may recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

McKINSTER

Acting P. J.

MILLER

J.

13