Filed 12/5/23  Hanford v. Div. of Adult Parole Operations etc. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| ALLISON HANFORD,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>DIVISION OF ADULT PAROLE OPERATIONS SOUTHERN REGION HEADQUARTERS,<br><br>    Defendant and Respondent. | B325231<br><br>(Los Angeles County Super. Ct. No. 20STCV46995) |

APPEAL from an order of the Superior Court of Los Angeles County, Gail Killefer, Judge.  Affirmed.

Allison Hanford, in pro. per., for Plaintiff and Appellant.

Rob Bonta, Attorney General, Monica N. Anderson, Senior Assistant Attorney General, Neah Huynh, Supervising Deputy Attorney General, Jamie M. Ganson and Colin A. Shaff, Deputy Attorneys General, for Defendant and Respondent.

————————————————

Allison Hanford sued the Division of Adult Parole Operations Southern Region Headquarters (DAPO) for false imprisonment and intentional infliction of emotional distress. The trial court sustained DAPO's demurrer to the second amended complaint without leave to amend on the grounds that Hanford failed to comply with the Government Claims Act (Gov. Code, § 810 et seq.)[1] and DAPO is statutorily immune. Hanford appeals, arguing that these determinations were incorrect and the trial court erred in denying leave to amend. We conclude Hanford's noncompliance with the Government Claims Act is dispositive and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Hanford Is Arrested and Jailed for a Parole Violation*

Hanford alleges that she was unlawfully arrested by DAPO for a parole violation on August 1, 2014. After being sentenced to 135 days in jail, and serving 67.5 days, Hanford was set to be released on October 7, 2014. On that day, however, DAPO held her "under arrest for an [additional] two (2) days with no probable cause and no new charges" before it released her on October 10, 2014.

B. *The Previous Government Claim and Lawsuit*

In January 2015, Hanford presented a government claim to the Victim Compensation and Government Claims Board (the Board) seeking damages for an alleged unlawful detention in October 2014.

---

[1] Statutory references are to the Government Code unless otherwise indicated.

In March 2015, the Board rejected the claim, which it labeled Government Claim 622637. The Board informed Hanford that she could initiate litigation if she wished to pursue the matter further.

More than four years later, on August 29, 2019, Hanford filed a lawsuit against DAPO alleging due process violations, false arrest, and intentional infliction of emotional distress based on her arrest and detention in 2014. The trial court in that case sustained DAPO's demurrer without leave to amend, ruling that Hanford's action was barred by the statute of limitations. As part of its ruling, the court rejected Hanford's argument that she was entitled to tolling. The court entered judgment on July 29, 2020, and Hanford did not appeal.

C.   *The Current Government Claim and Lawsuit*

On December 12, 2019, while the first lawsuit against DAPO was pending, Hanford submitted a new government claim to the Department of General Services (the Department). In this claim, Government Claim 20000135, Hanford asserted that DAPO failed to comply with its legal obligation to pay her certain "gate money" in connection with her 2014 arrest and detention. For this noncompliance, Hanford sought $10 million.

On January 14, 2020, the Department informed Hanford that it would not consider her claim without payment of the requisite $25 filing fee or submission of a fee waiver request. In its written notice, the Department also stated, "In order for tort claims to be considered timely, they must comply with the requirements of Government Code sections 905.2(c), 910 and 910.2, and be presented within six months of the original date of incident (see Government Code Section 901 and 911.2). If you respond later than six months, but prior to one year from the

original date of incident, you must apply without delay for leave to present a late claim (Government Code Sections 911.2 through 911.4, inclusive, 946.6). [¶] The [Department] has no jurisdiction over tort or contract claims presented more than one year from the date of incident."

One week later, on January 21, 2020, Hanford submitted an amended claim along with a filing fee payment and a fee waiver request. In the January 21 submission, Hanford newly asserted, among other allegations, that she had sustained severe emotional distress because of her 2014 arrest. Hanford sought $13 million.

On February 6, 2020, the Department sent Hanford written notice that it had received and reviewed her latest submission. Citing section 911.2, the Department explained that it "w[ould] take no further action" on the claim because "[it] was presented more than one year beyond the date the damages accrued." The Department also informed Hanford that it would return her filing fee.

Notwithstanding this response, Hanford resubmitted her claim in March 2020 and sent a letter in April 2020 asking for the claim to be considered. On June 26, 2020, the Department sent Hanford notice that her efforts were duplicative and that, consistent with its previous notice, no further action would be taken.

Several months later, on December 9, 2020, Hanford filed her complaint in this case, alleging causes of action against DAPO for false imprisonment and intentional infliction of emotional distress.[2] After Hanford amended her complaint,

---

[2] In addition to DAPO, Hanford named as defendants two DAPO employees and the California Department of Corrections

4

DAPO demurred on the grounds that it was statutorily immune and that Hanford failed to both comply with the Government Claims Act and state a cognizable claim for relief. The trial court sustained DAPO's demurrer with leave to amend, ruling that Hanford had failed to timely present a claim under the Government Claims Act (sections 911.2 and 945.4).

Hanford amended her pleading, and DAPO filed a second demurrer. DAPO again argued, among other grounds, that the Government Claims Act barred Hanford's action based on her failures to timely present a claim and file this case. In opposition, Hanford argued she timely presented her claim after she regained mental capacity in March 2020, and that even if she did not, DAPO waived any challenge to the timeliness of her claim or suit. In response to DAPO's request for judicial notice of her first lawsuit, Hanford emphasized that the current lawsuit was based solely on Government Claim 20000135 and that Government Claim 622637—the basis for her previous lawsuit— was "moot" and "not at issue" in this action.

The trial court sustained the demurrer without leave to amend, ruling that Hanford had failed to timely present a government claim and that DAPO was immune from liability. The court took judicial notice of Hanford's previous lawsuit, which it explained undermined her argument that she had been mentally incapable of presenting a government claim between February 12, 2014 and March 5, 2020.

and Rehabilitation. While this appeal was pending, we granted the parties' joint request to dismiss these additional defendants from the appeal such that DAPO now proceeds as the sole respondent.

The trial court entered judgment on October 11, 2022. Hanford timely appealed.[3]

## DISCUSSION

### A. *Standard of Review*

We review de novo a trial court's ruling on a demurrer. (*Mathews v. Becerra* (2019) 8 Cal.5th 756, 768.) We accept as true properly pleaded facts and liberally construe the pleading with a view to substantial justice between the parties. (Code Civ. Proc., § 452; *Centinela Freeman Emergency Medical Associates v. Health Net of California, Inc.* (2016) 1 Cal.5th 994, 1010; *Ivanoff v. Bank of America, N.A.* (2017) 9 Cal.App.5th 719, 726.) We may also consider matters subject to judicial notice. (*Reynolds v. Bement* (2005) 36 Cal.4th 1075, 1083.)

We review a trial court's decision to deny leave to amend for an abuse of discretion. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967 (*Aubry*).) A plaintiff shows an abuse of discretion by establishing there is a reasonable possibility amendment can cure any pleading defect. (*Ibid.*) To carry that burden, the plaintiff must demonstrate "in what manner the pleadings can be amended and how such amendments will

___

[3] Hanford failed to include in her designation of the record on appeal DAPO's demurrer briefing and related documents. Because these documents inform our decision, we augment the record on our own motion to include DAPO's demurrers to the first and second amended complaints, DAPO's reply in support of its demurrer to the second amended complaint, DAPO's request for judicial notice in support of its demurrer to the first amended complaint, and the trial court's ruling on DAPO's demurrer to the first amended complaint. (See Cal. Rules of Court, rule 8.155(a)(1)(A).)

change the legal effect of their pleadings." (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1388.)

B.  *Hanford's Causes of Action Are Barred Because She Failed To Timely Present Her Government Claim*

The trial court correctly ruled that Hanford's action is barred by her failure to timely present a government claim.

The Government Claims Act requires a plaintiff seeking damages against a public entity to present a government claim before filing a lawsuit. (§ 945.4.) A claim based on an "injury to person" must be presented no later than six months after accrual of the cause of action. (§ 911.2, subd. (a).) "[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." (*State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1239 [discussing sections 911.2 and 945.4].)

The recourse for an injured party who fails to present a timely claim is to submit an application for leave to present a late claim. (§ 911.4.) If a late-claim application is denied, the party may petition the court for relief from the claim presentation requirement. (§ 946.6.) Without submission of a timely late-claim application, however, the court is without jurisdiction to grant such relief. (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1779 (*Munoz*).)

Hanford did not present a timely claim before filing this lawsuit. Her causes of action accrued at the earliest on August 1, 2014, when she alleges she was unlawfully arrested, and at the latest on October 10, 2014, when she alleges she was last subjected to false imprisonment. She did not submit Government

Claim 20000135 until December 2019, more than five years later, and she did not apply for leave to present a late claim.

Hanford contends the claim was timely because the presentation deadline was tolled under section 911.6 based on her lack of mental capacity. But section 911.6 does not toll the deadline for presenting a government claim; it sets forth grounds on which a late-claim application shall be granted. (See § 911.6, subd. (b); *State of California v. Superior Court*, *supra*, 32 Cal.4th at p. 1245 [describing this statute as one part of an intentional and detailed scheme "permitting litigants to petition the public entity and the court for leave to present a late claim"].) Put another way, if Hanford was prevented by mental incapacity from presenting a timely claim, she needed to set forth that contention in an application for leave to present a late claim.[4] (§ 911.4.) Having failed to do so, she has no basis to obtain relief from the claim presentation deadline. (*Munoz*, *supra*, 33 Cal.App.4th at p. 1779.)

Hanford also argues that DAPO waived its right to assert a timeliness defense by failing to notify her that the claim was late. This contention, too, is unavailing. Under section 911.3, a public entity waives "[a]ny defense as to the time limit for presenting a claim" if it fails to give notice within 45 days that the claim is untimely. (§ 911.3, subd. (b).) On January 14, 2020, the Department of General Services informed Hanford of the deadline for presenting a claim and the imperative of applying for leave to present a late claim "without delay." Then, on February 6, 2020, the Department notified Hanford that it was

---

[4]    We decline Hanford's request to take judicial notice of medical records she presented with her demurrer opposition as those records are not relevant to our decision.

8

taking "no further action" on her claim because the claim was untimely. The Department sent this notice within 45 days of January 21, 2020, the date that Hanford perfected the presentation of her claim by submitting a filing fee and fee waiver request. (§ 905.2, subd. (d) [the time for the Department to determine timeliness of claim begins when filing fees are paid or fee waiver is granted].) Accordingly, the Department did not waive its timeliness defense.

C.    *The Trial Court Did Not Err in Denying Leave To Amend*

Hanford contends that she should be granted leave to amend her complaint, but she has not identified any specific facts she could allege or shown how any amendment could cure the untimely government claim. (See *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 ["The plaintiff has the burden of proving that an amendment would cure the defect"].)

Hanford refers in her briefing to Government Claim 622637 as a claim that was timely presented in January 2015.[5] But Hanford did not identify this additional claim in her pleading, and it would be futile for her to do so now because any lawsuit based on this claim is time-barred. (See *Royalty Carpet Mills, Inc. v. City of Irvine* (2005) 125 Cal.App.4th 1110, 1124 ["When

---

[5]    Hanford does not expressly contend that this is a basis for granting her leave to amend. Indeed, in the trial court, Hanford explicitly disclaimed any reliance on Government Claim 622637, a claim she described as "moot" and "not at issue" in this case. We nonetheless examine the question because leave to amend is reviewable on appeal "'even in the absence of a request'" and "even if the plaintiff does not claim on appeal that the trial court abused its discretion." (*Aubry*, *supra*, 2 Cal.4th at pp. 970-971.)

9

amendment would be futile because the amended [complaint] would be barred by the statute of limitations, the trial court does not abuse its discretion in denying the motion for leave to amend"].)  Section 945.6, subdivision (a)(1), provides that a lawsuit must be filed within six months after a claim is rejected, and subdivision (a)(2) extends that period to two years from accrual of the cause of action where notice of the rejection is not properly given.  Here, Hanford's causes of action accrued at the latest on October 10, 2014, and the Department sent Hanford notice that Government Claim 622637 was rejected on March 5, 2015.  Hanford filed this case more than four and a half years later, on December 9, 2020.  (§ 945.6, subd. (a)(1).)  The trial court in Hanford's first lawsuit determined that her suit was barred by the statute of limitations, a ruling that Hanford did not appeal.  (§ 945.6, subd. (a)(2).)  In short, even if Hanford amended her complaint to rely on Government Claim 622637, the case would be time-barred.

Because we conclude the demurrer was properly sustained without leave to amend, we do not address the parties' remaining arguments regarding other pleading defects.

## DISPOSITION

The judgment is affirmed.  DAPO shall recover its costs on appeal.


EVENSON, J.*

We concur:


SEGAL, Acting P. J.


MARTINEZ, J.

---

* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.